# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-cr-00060 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| TARRA R. GEIGER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This case came before the Court for a plea hearing on November 6, 2017. Assistant United States Attorney Laura Clemmens appeared and represented the Government, and F. Arthur Mullins, ESQ, appeared and represented Defendant. Defendant was present with counsel.

Prior to the hearing, the parties entered into a proposed binding plea agreement. Under the terms of the plea agreement, Defendant agreed to plead guilty as charged in the Superseding Information currently pending against her, which charges her with Felon in Possession of Ammunition in violation of Title 18 U.S.C.§§ 922(g)(1) and 924(a)(2) and Possession with intent to Distribute and to Distribute Carfentanil, Fentanyl and Heroin in violation of Title 21 U.S.C.§§ 846, 841(a)(1) and (b)(1)(C).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

During the plea hearing, the undersigned had the opportunity to address Defendant in open court and to inform Defendant of all rights and privileges as set forth in Fed. R. Crim. P. 11(b)(1).  Further, the undersigned carefully inquired of Defendant regarding Choose understanding of the agreement, as well as Choose competence to understand the agreement.  Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty as charged in the Superseding Information was knowing, intelligent, and voluntary.  Additionally, based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds that there is a sufficient factual basis for finding that Defendant is in fact guilty of Felon in Possession of Ammunition in violation of Title 18 U.S.C.§§ 922(g)(1) and 924(a)(2) and Possession with intent to Distribute and to Distribute Carfentanil, Fentanyl and Heroin in violation of Title 21 U.S.C.§§ 846, 841(a)(1) and (b)(1)(C).

Based upon the foregoing, it is **RECOMMENDED** that the District Court accept Defendant's plea of guilty as charged in the Superseding Information currently pending against her and find her guilty as charged of Felon in Possession of Ammunition in violation of Title 18 U.S.C.§§ 922(g)(1)and 924(a)(2) and Possession with intent to Distribute and to Distribute Carfentanil, Fentanyl and Heroin in violation of Title 21 U.S.C.§§ 846, 841(a)(1) and (b)(1)(C).

Pending the Court's acceptance of Defendant's guilty plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and report.

November 5, 2019

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).